IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES NICHOLSON**                                                                                   **PLAINTIFF**

**VS.**                                                                         **CIVIL ACTION NO. 3:04CV560LN**

**CHRISTOPHER EPPS, LINDA HOLMAN and**
**CORRECTIONAL MEDICAL SERVICES**                                           **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 7th day of February, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys John Clay and Robert Pederson. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff claims that he was originally classified at CMCF as Medical class one, but later, at SMCI he was ordered to work chopping tree trunks. After working, he returned to take a shower and noticed something wrong with the water, which was brown and had a foul smell. About five days later, his face swelled up and he was later told that he had a serious infection to his fact and ears as a result of contact with the water.

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

He also had injured discs in his back from being required to work.  He says that a neurologist recommended surgery, which has not been done, although he was later housed in a disability unit. Nicholson testified he has been prescribed Neurontin, but that it is still difficult for him to get out of bed.  The Plaintiff declined to withdraw his request for a jury trial.

    2.    **DISCOVERY ISSUES and PENDING MOTIONS**

Counsel for the Defendants provided copies of the Plaintiff's medical records at the Omnibus Hearing, and a copy of those records was provided to the Plaintiff.  Additionally, the Plaintiff signed a medical waiver in order that the attorney for the Defendants could acquire any other medical records pertaining to his condition and present them at the trial for the benefit of the court and all parties.  The Defendants' attorney is directed to provide copies to the Plaintiff of any other records acquired.  Further, the Defendants should provide, if they have not already done so, a copy of all reports made to officers or administrators of the South Mississippi Correctional Institution regarding the incident in which Nicholson claims he hurt his back and was exposed to dirty shower water. This information shall be provided to the Plaintiff by March 31, 2006.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial.  The records shall be admitted as a general exhibit.  There are no other discovery matters pending, except for those set forth herein.  The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

3.  **TRIAL WITNESSES**

The Plaintiff did not request that any witnesses incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter.  He did request the presence of some MDOC employees, and the court will assess the need for those persons as witnesses after a review of the medical records.  The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4.  **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for submitting motions in this matter is April 17, 2006.  A trial of this action will be scheduled, if necessary, after the disposition of motions filed by that date.

IT IS SO ORDERED, this the 14th day of February, 2006.

                                                  S/Alfred G. Nicols, Jr.
                                        UNITED STATES MAGISTRATE JUDGE