IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES NICHOLSON**                                                           **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:04CV560LS**

**CHRISTOPHER EPPS, LINDA HOLMAN and**
**CORRECTIONAL MEDICAL SERVICES**                        **DEFENDANTS**

**ORDER**

This matter came before the court two Motions – one seeks a transfer to a different facility and the other is a pleading titled "This is how the Plaintiff Nicholson, Health Condition 'Begined.'" The first Motion seeks an Order requiring the Mississippi Department of Corrections to transfer the Plaintiff from the South Mississippi Correctional Facility to the Central Mississippi Correctional Facility. Both the United States Supreme Court and the Fifth Circuit have taught that the "day-to-day operation of prisons must be left to the broad discretion of prison officials." *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989), citing *Hewitt v. Helms*, 459 U.S. 460, 470 (1983). Thus, transfer from one prison to a less desirable one is considered to be a deprivation of liberty interest. *Jackson*, 864 F.2d at 1250; *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Therefore, the Motion to Transfer must be denied.

The second Pleading recites the allegations that were made in the Plaintiff's Complaint and repeated at the Omnibus Hearing recently held in this matter. Attached to this pleading is a cover letter that states that he has enclosed a Motion for Reconsideration of the court's denial of his Motion to Reappoint Counsel. The court finds nothing in the Plaintiff's statement that causes it to reconsider that denial. As explained to the Plaintiff in the earlier Order, the court has no funds with

which to pay attorneys in civil matters; therefore, it is only in the extremely unusual situation that counsel is appointed.  This is not such a case.

    IT IS, THEREFORE, ORDERED that the Plaintiff's Motions for Reconsideration of Order denying Appointment of Counsel is hereby **denied**.

    IT IS SO ORDERED, this the 13th day of March, 2006.

                                        S/James C. Sumner
                              UNITED STATES MAGISTRATE JUDGE